UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| FRANK FIORENZANO, individually and on behalf of all others similarly situated, § § § Plaintiff, § § v. § § § LVNV FUNDING LLC, § SOLOMON & SOLOMON, P.C., and § JULIE B. SOLOMON § § § Defendant. § | CASE NO: CA 11- 178 S CLASS ACTION COMPLAINT JURY TRIAL DEMANDED |

## CLASS ACTION COMPLAINT

Plaintiff, Frank Fiorenzano (hereafter "Plaintiff"), brings this action individually and on behalf of a class of all persons similarly situated in the State of Rhode Island (hereafter "Class") and a subclass (hereafter "Subclass") against LVNV Funding LLC (hereafter "LVNV"), Solomon & Solomon, P.C. (hereafter "Solomon") and Julie B. Solomon (hereafter "JBS") (LVNV, Solomon and JBS hereafter collectively referred to as "Defendants") for violations of several provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereafter "FDCPA") which prohibit debt collectors, such as Defendants, from engaging in abusive, deceptive and unfair collection practices in their debt collection activities.

Plaintiff challenges LVNV's pursuit of its debt collection activities through its, routine and unlawful filing of lawsuits in the Rhode Island State Court System against Plaintiff and the Class for alleged consumer credit card debt, while at the same time failing to be registered in the

State of Rhode Island as a debt collector pursuant to the Rhode Island Debt Collector Registration Statute, R.I.G.L. § 19-14.9-12.

Defendants knew or should have known that LVNV had to register as a debt collector in the State of Rhode Island. Nevertheless, Defendants unconscionably and unfairly misused the State of Rhode Island's Judicial System in their attempt to collect such debt from Plaintiff and the Class. Defendants' actions constitute an unconscionable and unfair means of collecting such debt and violate the FDCPA's provisions prohibiting debt collectors from using abusive, deceptive, and unfair debt collection practices.

Plaintiff challenges Defendants' debt collection activities of routinely and unlawfully filing lawsuits in the Rhode Island State Court System against Plaintiff and the Subclass for alleged consumer credit card debt in cases where the statute of limitations for such collection action lawsuits has expired (hereafter "time-barred lawsuits").

Defendants knew or should have known that since the statute of limitations to collect such debt had expired, they had no legal right to collect such debt through the filing of lawsuits. Nevertheless, Defendants unconscionably and unfairly misused the State of Rhode Island's Judicial System in their attempt to collect such debt from Plaintiff and the Class. Defendants' actions constitute an unconscionable and unfair means of collecting such debt and violate the FDCPA's provisions prohibiting debt collectors from using abusive, deceptive, and unfair debt collection practices.

Plaintiff seeks damages, costs, attorney fees and equitable relief on his own behalf and on behalf of the Class and Subclass against Defendants arising from Defendants' actions. Plaintiff alleges the following upon personal knowledge as to his own acts, and upon information and belief based on the investigation conducted by Plaintiff's Counsel, as to all other matters:

## **NATURE OF THE ACTION**

1. Congress found abundant evidence of abusive, deceptive, and unfair debt collection practices by many debt collectors and enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors," 15 U.S.C. § 1692(e).

2. The FDCPA is a comprehensive statute, which prohibits categories of debt collection activities. In addition to broad prohibitions of debt collector actions, the FDCPA enumerates several actions that debt collectors are prohibited from taking.

3. The FDCPA is a strict liability statute, where a consumer does not need to show intentional conduct by a debt collector in order for debt collector liability to arise, is construed liberally in favor of the consumer, and is usually interpreted by the Courts in accordance with the "least sophisticated" consumer standard.

4. Defendants are debt collectors whose actions alleged in this complaint constitute abusive debt collection practices in violation of the FDCPA which prohibits debt collectors, such as Defendants from using "any false, deceptive or misleading representations or means in connection with the collection of any debt," 15 U.S.C. § 1692e and "unfair or unconscionable means to collect or attempt to collect any debt," 15 U.S.C. § 1692f.

5. Defendants regularly engage in the business of collecting credit card debts owed or purported to be owed by consumers and therefore are considered "debt collectors" as that term is defined in the FDCPA.

6. Plaintiff is a "consumer," as that term is defined in the FDCPA, who incurred consumer credit card debt relating to consumer purchases primarily for family, personal or household purposes.

7. Defendants attempted to collect the consumer debt and as such engaged in

"communications" as that term is defined in 15 U.S.C. §1692a(2) of the FDCPA.

8. LVNV has and continues to act as a debt collector in the State of Rhode Island filing hundreds of lawsuits a year in the State of Rhode Island Court System.

9. LVNV does not hold a current or expired registration to act as a debt collection agency in the State of Rhode Island as required by R.I.G.L. § 19-14.9-12.

10. LVNV has willingly and knowingly acted as a debt collector in the State of Rhode Island without a valid registration.

11. Through this conduct of failing to register as a debt collector, Defendants used abusive, deceptive, and unfair debt collection practices in violation of the FDCPA. Defendants' actions constitute unfair and unconscionable means in connection with the collection of the consumer debt.

12. Defendants routinely file time-barred lawsuits against consumers for credit card debt without determining whether or not the date of the last activity on the consumers' credit card account is beyond the statutory limitations period for filing the lawsuit.

13. Defendants routinely engage in abusive, deceptive, and unfair debt collection practices in collecting or attempting to collect such time-barred consumer credit card debts owed or purported to be owed by consumers through the lawsuit filings.

14. Defendants' actions as alleged in this complaint are the type of abusive, deceptive, and unfair collection practices the FDCPA is designed to eliminate.

15. Defendants' filing of time-barred lawsuits, which Defendants knew or should have known was unavailable by reason of a legal bar such as the statute of limitations, and LVNV's failure to register as a debt collector, is the kind of abusive, deceptive, and unfair debt collection practices that evidences unfair or unconscionable means to collect or attempt to collect

a debt that the FDCPA was intended to prevent.

16. Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damages, statutory damages, attorney fees and costs, 15 U.S.C. § 1692k.

## PARTIES

17. Plaintiff, Frank Fiorenzano, is a resident of Cranston, Rhode Island and is a "consumer" as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

18. Defendant, LVNV Funding LLC, is a Delaware limited liability company that in the ordinary course of business, regularly collects or attempts to collect, directly or indirectly, consumer debt, owed or purported to be owed by consumers that did not originate with LVNV, but rather debt that LVNV purchased and/or obtained from others while such debt was in default. LVNV is a "debt collector" as that term is defined in 15 U.S.C. § 1692a(6) of the FDCPA.

19. Defendant, Solomon & Solomon, P.C., is a law firm operating as a professional corporation located in the State of New York with an address of Five Columbus Circle, Albany, New York 12203, and is an entity that in the ordinary course of business, regularly collects or attempts to collect, directly or indirectly, consumer debts owed or purported to be owed by consumers to others. Solomon is a "debt collector" as that term is defined in 15 U.S.C. § 1692a(6) of the FDCPA.

20. Defendant, Julie B. Solomon, is an attorney affiliated with the Solomon law firm and maintains an office located in the State of New York with an address of Five Columbus Circle, Albany, New York 12203, and is an individual that in the ordinary course of business, regularly collects or attempts to collect, directly or indirectly, consumer debts owed or purported to be owed by consumers to others. JBS is a "debt collector" as that term is defined in 15 U.S.C. §1692a(6) of the FDCPA.

## JURISDICTION AND VENUE

21. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, which grants the Court original jurisdiction over the federal claims herein. Subject matter jurisdiction also arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

22. Venue for this action properly lies in this District pursuant to 28 U.S.C. § 1391(b) as the named Plaintiff resides in this District and Defendants have engaged in the conduct complained of in this District.

## PLAINTIFF'S EXPERIENCE

23. On May 3, 2010, LVNV filed a lawsuit against Plaintiff in the Sixth Division District Court for the State of Rhode Island, entitled LVNV FUNDING LLC v. FRANK FIORENZANO, case number 2010-4310, which sought to collect a $1,551.69 alleged debt owed allegedly to LVNV as of 03/23/02, with interest at 12.00% from 03/23/02, together with costs and disbursements. The lawsuit alleges that the debt was once owed to the original creditor, Capital One credit card.

24. Solomon and JBS were the law firm and the attorney respectively that filed the complaint on May 3, 2010, on behalf of LVNV.

25. Plaintiff believes the debt, was incurred as a financial obligation to the original creditor Capital One credit card, primarily for family, personal or household purposes sometime before the year 2000. Such obligation is considered a "debt" as that term is defined in 15 U.S.C. § 1692a(5) of the FDCPA.

26.     Thereafter, Plaintiff was unable to make payments on the debt and defaulted and the Capital One credit card debt became delinquent sometime before the year 2002.

27.     Sometime thereafter, Plaintiff's Capital One credit card debt was allegedly purchased and or obtained by LVNV at a time when the debt was in default.

28.     Plaintiff has not incurred any debt and has not made any payments on the Capital One credit card since sometime well before March 23, 2002, well beyond the applicable statute of limitations for collection of the Capital One credit card debt under the laws of the State of Virginia, where Capital One Credit Card is located. Plaintiff has not made a payment or charge on the underlying credit card account since well beyond the applicable statute of limitations for collection of the debt.

## CLASS ACTION ALLEGATIONS

29.     Plaintiff brings this action on behalf of himself and a Class and on behalf of himself and a Subclass of all persons similarly situated pursuant to Fed. R. Civ. P. 23 as defined as follows:

### CLASS:

All persons who reside in the State of Rhode Island, who had a lawsuit filed against them in the Rhode Island State Court System by LVNV, on or after May 3, 2010, for consumer credit card debt emanating from debt owed originally to any credit card company.

### SUBCLASS:

All persons who reside in the State of Rhode Island, who had a lawsuit filed against them in the Rhode Island State Court System by LVNV, on or after May 3, 2010, for time-barred consumer credit card debt emanating from debt originally owed to creditor Capital One credit card.

30.     Excluded from the Class and Subclass are Defendants; any parent, subsidiary, or affiliate of Defendants or any employees, officers, or directors of

Defendants; legal representatives, successors, or assigns of Defendants; and any justice, judge or magistrate judge of the United States who may hear the case, and all persons related to any such judicial officer, as defined in 28 U.S.C. § 455(b).

31. **Numerosity.** The Class and Subclass each are so numerous and dispersed that joinder of all members is impracticable. Upon information and belief, there are hundreds of members in the Class and hundreds of members in the Subclass. The exact number of Class and Subclass members is unknown, but can be determined from, including but not limited to, Defendants' computerized and other records.

32. **Commonality.** There are numerous and substantial questions of law and fact that are common to all members of the Class and Subclass, which questions predominate over any question affecting only individual Class and Subclass members. The members of the Class and Subclass were and continue to be subjected to the same practices of the Defendants. The common questions and principal common issues raised by Plaintiff's claims include:

    a. whether Defendants are debt collectors pursuant to the FDCPA;

    b. whether Plaintiff is a consumer pursuant to the FDCPA;

    c. whether Defendants violated the FDCPA with Plaintiff and the Class and Subclass through its actions as described herein;

    d. whether Plaintiff and the Class and Subclass have been damaged as a result of the alleged FDCPA violations, and if so what is the appropriate damage relief for Defendants' violations;

    e. the nature and extent of any other remedies and injunctive relief, to which Plaintiff and the Class and Subclass members are entitled.

33. **Typicality.** Plaintiff's claims are typical of the claims of all of the other Class and Subclass members, because his claims are based on the same legal and remedial theories as the claims of the Class and Subclass and arise from the same course of conduct by Defendants.

34. **Adequacy.** Plaintiff will fairly and adequately protect the interest of all Class and Subclass members in the prosecution of this action and in the administration of all matters relating to the claims stated herein. Plaintiff is similarly situated with, and has suffered similar injuries as, the members of the Class and Subclass he seeks to represent. Plaintiff has retained counsel experienced in handling class action lawsuits. Neither Plaintiff nor his counsel has any interest which might cause them not to vigorously pursue this action.

35. **Superiority.** A class action is superior to other available methods for the fair and efficient adjudication of the controversy, since individual joinder of the Class and the Subclass is impracticable. Even if individual Class and Subclass members were able to afford individual litigation, it would be unduly burdensome to the Courts in which the individual litigation would proceed. Defendants have subjected the entire Class and Subclass to the same violations of the FDCPA. Accordingly, class certification is appropriate under Rule 23 because common issues of law and fact regarding Defendants' uniform violations of the FDCPA predominate over individual issues, and class certification is a superior method of resolving these claims. No unusual difficulties are likely to be encountered in the management of this action as a class action. The Defendants have acted and continue to act in a manner that is generally applicable to all members of the Class and Subclass making final injunctive relief appropriate.

## CAUSES OF ACTION

### Violation of the FDCPA, 15 U.S.C. § 1692e(2)(A)

36. Plaintiff, on behalf of himself and the Class and the Subclass, hereby incorporates

by reference the allegations contained in all of the preceding paragraphs of this complaint.

37. A debt collector violates 15 U.S.C. § 1692e(2)(A) of the FDCPA if the debt collector uses any "false, deceptive, or misleading representation or means in connection with the collection of any debt," including, "falsely representing the character, amount, or legal status of any debt."

38. Defendants' routine practice of filing lawsuits on time-barred debt violates 15 U.S.C. § 1692e(2)(A) of the FDCPA.

39. Specifically, in connection with the collection of the alleged debt by filing time-barred lawsuits, Defendants falsely represented the debt's character, amount, or legal status in violation of 15 U.S.C. § 1692e(2)(A) of the FDCPA.

### Violation of the FDCPA, 15 U.S.C. § 1692e(10)

40. Plaintiff, on behalf of himself and the Class and the Subclass, hereby incorporates by reference the allegations contained in all of the preceding paragraphs of this complaint.

41. A debt collector violates 15 U.S.C. § 1692e(10) of the FDCPA if the debt collector uses any "false, deceptive, or misleading representation or means in connection with the collection of any debt," including, "any false representation or deceptive means to collect or attempt to collect any debt."

42. Defendants' routine practice of filing lawsuits on time-barred debt violates 15 U.S.C. § 1692e(10) of the FDCPA.

43. Specifically, in connection with the collection of the alleged debt by filing a time-barred lawsuit, Defendants used false and deceptive means in an attempt to collect a debt in violation of 15 U.S.C. § 1692e(10) of the FDCPA.

44. Defendants' actions of filing lawsuits in the State Court System while LVNV was

not registered as a debt collector violates 15 U.S.C. § 1692e(10) of the FDCPA.

45. Specifically, in connection with the lawsuit filings in the State Court System while LVNV was not registered as a debt collector, Defendants used false and deceptive means in an attempt to collect a debt in violation of 15 U.S.C. § 1692e(10) of the FDCPA.

### Violation of the FDCPA, 15 U.S.C. § 1692f

46. Plaintiff, on behalf of himself and the Class and the Subclass, hereby incorporates by reference the allegations contained in all of the preceding paragraphs of this complaint.

47. A debt collector violates 15 U.S.C. § 1692f of the FDCPA if the debt collector uses "unfair or unconscionable means to collect or attempt to collect any debt."

48. Defendants' routine practice of filing lawsuits on time-barred debt violates 15 U.S.C. § 1629f of the FDCPA.

49. Specifically, in connection with the collection of the alleged debt by filing a time-barred lawsuit, Defendants used unfair and unconscionable means in an attempt to collect a debt in violation of 15 U.S.C. § 1692f of the FDCPA.

50. Defendants' actions of filing lawsuits in the State Court System while LVNV was not registered as a debt collector violates 15 U.S.C. § 1692f of the FDCPA.

51. Specifically, in connection with the lawsuit filings in the State Court System while LVNV was not registered as a debt collector, Defendants used unfair and unconscionable means in an attempt to collect a debt in violation of 15 U.S.C. § 1692f of the FDCPA.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff, Frank Fiorenzano, on behalf of himself and the Class and the Subclass, request the following relief:

1. An order certifying that this action is properly brought and may be maintained as a

class action under Rule 23 of the Federal Rules of Civil Procedure, that Plaintiff be appointed as Class Representative of the Class and Subclass, and that Plaintiff's counsel be appointed Class Counsel;

2. Actual damages;

3. Statutory damages;

4. An injunction preventing Defendants from continuing the unlawful conduct alleged herein;

5. An award of reasonable attorneys' fees and costs;

6. Such other relief at law or equity as this court may deem just and proper.

DATED this 2nd day of May, 2011.

_____
Peter N. Wasylyk (RI Bar # 3351)
LAW OFFICES OF PETER N. WASYLYK
1307 Chalkstone Avenue
Providence, Rhode Island 02908
401-831-7730 (telephone)
401-861-6064 (facsimile)
E-Mail:pnwlaw@aol.com