UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

FRANK FIORENZANO, INDIVIDUALLY, )
AND ON BEHALF OF ALL OTHERS )
SIMILARLY SITUATED, )
      Plaintiffs, )
       )
v. ) C. A. No.11-178M
       )
LVNV FUNDING, LLC, SOLOMON & )
SOLOMON, P.C. AND JULIE B SOLOMON )
      Defendants. )

## MEMORANDUM & ORDER

JOHN J. MCCONNELL, JR., United States District Judge.

This matter is before the Court on two Motions to Dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF Nos. 5, 10.) One Motion to Dismiss was filed by Defendant LVNV Funding, LLC (LVNV) and the other by Defendants Solomon and Solomon, P.C, and Julie B. Solomon (the Solomon Defendants). *Id.* Plaintiff Frank Fiorenzano filed an objection to both motions. (ECF Nos. 11, 16.) After a review of all the pleadings, exhibits, and the relevant substantive and procedural law, the Court GRANTS the Solomon Defendants' Motion to Dismiss the Complaint, and DENIES Defendant LVNV's Motion to Dismiss.

I.    FACTS ALLEGED IN THE COMPLAINT

Plaintiff Frank Fiorenzano brought this lawsuit individually and on behalf of a class of all persons similarly situated in the State of Rhode Island and a subclass against LVNV and the Solomon Defendants. In his Complaint, Mr. Fiorenzano alleges Defendants violated provisions of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C § 1692 by routinely filing time-

barred debt collection lawsuits in Rhode Island beyond the applicable statute of limitations, and failing to register as a debt collector in accordance with the Rhode Island Debt Collector Registration Statute, R.I. Gen. Laws § 19-14.9-12 (RIFDCPA). (ECF No. 1.)

Specifically, Mr. Fiorenzano alleges that the Defendants violated provisions of the FDCPA by filing a time-barred lawsuit against him for a debt he incurred to Capital One Credit Card (Capital One), which was later purchased and/or obtained by LVNV. *Id.* at 6. The Solomon Defendants filed the lawsuit on LVNV's behalf on May 3, 2010 in the Sixth Division District Court for the State of Rhode Island to collect $1,551.59 Mr. Fiorenzano owed to LVNV as of March 23, 2002, along with interest, costs and disbursements. *Id.* But since Mr. Fiorenzano had not incurred any debt or made any payments on his debt to Capital One since some time well before March 23, 2002, he claims that it was a time-barred lawsuit filed beyond the three-year statute of limitations of Virginia, where Capital One is located. *Id.* at 7. Additionally, Mr. Fiorenzano alleges that Defendant LVNV violated provisions of the FDCPA by filing a lawsuit against him in an attempt to collect a debt without being registered as a debt collector as is required by § 19-14.9-12 of the RIFDCPA. *Id.* at 10-11.

## II. STANDARD OF REVIEW

In reviewing a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court accepts as true the factual allegations of the complaint and draws all reasonable inferences in favor of the plaintiff. *Cook v. Gates*, 528 F.3d 42, 48 (1st Cir. 2008) (citation omitted); *McCloskey v. Mueller*, 446 F.3d 262, 266 (1st Cir. 2006) (citations omitted). To withstand a motion to dismiss, "a complaint must allege 'a plausible entitlement to relief.'" *ACA Fin. Guar. Corp. v. Advest, Inc.*, 512 F.3d 46, 58 (1st Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).

Consequently, although the complaint does not need "detailed factual allegations", it does need to have sufficient facts to state a belief that is plausible. *See Twombly*, 550 U.S. at 570.

"A Rule 12(b)(6) motion will be granted only if, when viewed in this manner, the pleading shows no set of facts which could entitle plaintiff to relief." *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir. 1988) (citing *Conley v. Gibson*, 355 U.S. 41, 45-48 (1957)). "Therefore, the Court must deny a motion to dismiss if the allegations of the complaint permit relief to be granted on any theory, even one not expressly stated therein." *O'Neil v. Q.L.C.R.I., Inc.*, 750 F. Supp. 551, 553 (D.R.I. 1990) (citing *Adams v. Bell*, 711 F.2d 161, 187 (D.C. Cir. 1983). These "minimal requirements are not tantamount to nonexistent requirements. The threshold may be low, but it is real - and it is the plaintiff's burden to take the step which brings his case safely into the next phase of the litigation." *Gooley*, 851 F.2d at 514. "[A] plaintiff . . . is . . . required to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Id.* at 515.

## III. LEGAL ANALYSIS

Defendants argue that Mr. Fiorenzano's Complaint should be dismissed because the lawsuit filed against Mr. Fiorenzano was not time-barred. (ECF Nos. 6 at 7-8, 10 at 9-11.) Additionally, LVNV argues that it did not violate any provision of the RIFDCPA because it was not required to register as a debt collector, but nevertheless alternatively argues that failing to register as a debt collector does not constitute a per se violation of the FDCPA. (ECF Nos. 6 at 3-7, 10 at 8.)

Mr. Fiorenzano counters that Defendants did in fact violate three provisions of the FDCPA: 15 U.S.C. §§ 1692e(2)(A), 1692e(10), and 1692f.[1] First, he alleges that Defendants violated § 1692e(2)(A), because they "falsely represented the character, amount, or legal status" of his debt by filing a time-barred lawsuit. (ECF No. 1 at 10.) Next, Mr. Fiorenzano alleges that Defendants violated § 1692e(10), because they used "false and deceptive means" in connection with collecting his debt by filing a time-barred lawsuit and failing to register as a debt collector before filing the lawsuit in state court. *Id.* at 10-11. Finally, Mr. Fiorenzano alleges that Defendants violated § 1692f, because they used "unfair or unconscionable means" in an attempt to collect the debt by filing a time-barred lawsuit and failing to register as a debt collector before filing the lawsuit in state court. *Id.* at 11.

### A. MR. FIORENZANO'S CLAIM THAT DEFENDANTS VIOLATED THE FDCPA BY FILING TIME-BARRED SUITS

First, Mr. Fiorenzano alleges that all of the Defendants violated §§ 1692e(2)(A), 1692e(10), and 1692f of the FDCPA by filing a claim in a Rhode Island state court that was barred by Virginia's three-year statute of limitations, Va. Code Ann. § 8.01-2.46(4), where Capital One, the original owner of Mr. Fiorenzano's debt, is located. (ECF No. 1 at 10-11.) However, the Defendants argue that the lawsuit was not time barred because the underlying suit against Mr. Fiorenzano was filed in Rhode Island so Rhode Island's ten-year statute of limitations, R.I Gen. Laws § 9-1-13(a), applies. (ECF Nos. 6 at 7-8, 10 at 9-11.)

Before delving into the grounds of Defendants' motions, the Court must resolve the parties' dispute over whether Rhode Island or Virginia law applies to this dispute. The Rhode Island Supreme Court has recently affirmed that Rhode Island courts do not follow the *lex loci delicti* conflict of laws doctrine, confirming that it was abandoned in *Woodward v. Stewart*, 243

---

[1] Mr. Fiorenzano only has to prove one violation in order to trigger liability under the FDCPA, because it is a strict liability statute. *See* 15 U.S.C. § 1692k(a).

A.2d 917 (R.I. 1968). *See Harodite Ind. v. Warren Elec. Corp.*, 24 A.3d 514, 534 (R.I. 2011); *Cribb v. Augustyn*, 696 A.2d 285, 288 (R.I. 1997). Instead, the Court follows the interest-weighing approach, looking "at the particular case facts and determin[ing] therefrom the rights and liabilities of the parties 'in accordance with the law of the state that bears the most significant relationship to the event and the parties.'" *Cribb*, 696 A.2d at 288 (citing *Pardey v. Boulevard Billiard Club*, 518 A.2d 1349, 1351 (R.I. 1986); *Putnam Res. v. Pateman*, 958 F.2d 448, 464 (1st Cir. 1992); *Blais v. Aetna Cas. & Sur. Co.*, 526 A.2d 854, 856-57 (R.I. 1987); *Brown v. Church of the Holy Name of Jesus*, 252 A.2d 176, 176 (R.I. 1969). The interest-weighing approach for choice of law questions requires the court to consider: (1) predictability of results; (2) maintenance of interstate and international order; (3) simplification of the judicial task; (4) advancement of the forum's governmental interests; and (5) application of the better rule of law."[2] *See Pardey*, 518 A.2d at 1351; *Woodward*, 243 A.2d at 923.

Although the Defendants dispute that the Court need even engage in an interest-weighing approach, because they argue that the *lex loci delicti* conflict of laws doctrine is still good law, they argue persuasively in the alternative that the interest-weighing factors weigh in favor of applying Rhode Island law to this case, and the Court agrees.[3] (ECF No. 15 at 3-5.) First, applying Rhode Island law provides predictability of result, because the action on the credit card debt was filed in Rhode Island. *Id.* at 4. Additionally, the second factor is satisfied, because the

---

[2] There are other factors that a court may consider in determining which state law applies as noted in *Woodward* and *Brown*, as well as in Restatement (Second) Conflict of Laws, § 145(2) at 414 (1971). *See Cribb v. Augustyn*, 696 A.2d at 288. However, these additional factors appear to be limited to cases sounding in tort. *See id.*; *see also Harodite Ind.*, 24 A.3d at 534.

[3] While Mr. Fiorenzano recognizes that Rhode Island courts follow the interest-weighing approach, he fails to articulate why these interest-weighing factors balance in favor of applying Virginia law, relying solely on the fact that Capital One, to whom Mr. Fiorenzano owed his debt, is a Virginia entity. (ECF No. 12 at 14-15.) Capital One is not a named defendant in this case. (ECF No. 1 at 5.)

5

FDCPA limits venue to the state where the action on the credit card debt was filed, and interstate and international order will be maintained by following that framework. *Id.* Moreover, this Court's task will be simplified by applying its own statute of limitations, and the forum has a strong governmental interest in applying its own laws. *Id.*[4]

The Court agrees with Defendants' analysis and finds that Rhode Island law governs this case. *See Pardey*, 518 A.2d at 1351; *Woodward*, 243 A.2d at 923. Because Defendants filed suit against Mr. Fiorenzano on May 3, 2010, only eight years after Mr. Fiorenzano stopped making payments on his debt to Capital One, the Court finds that the suit was filed within Rhode Island's ten-year statute of limitations period and therefore was not time-barred. This finding is dispositive of Mr. Fiorenzano's claims against the Solomon Defendants. Thus, their Motion to Dismiss the Complaint is GRANTED. For the same reason, Mr. Fiorenzano's claim that LVNV violated § 1692e(2)(A) is dismissed.

Mr. Fiorenzano's claims that LVNV violated §§ 1692e(10), and 1692f remain for discussion, however, because along with filing time-barred lawsuits, Mr. Fiorenzano alleges LVNV violated those provisions by failing to register in Rhode Island as a debt collector in accordance with RIFDCPA. (ECF No. 1 at 10-11.) The Court moves to those claims.

---

[4] Defendant also argues that Rhode Island has the better rule of law in this case because the longer statute of limitations serves this type of case, where, unlike bodily injury cases, there are fewer issues of proof. *Id.* at 5. The Court is not persuaded that public policy considerations weigh significantly in favor of either law's application. Therefore, the fifth factor does not inform the Court's analysis.

## B. MR. FIORENZANO'S CLAIM THAT LVNV VIOLATED THE FDCPA BY FAILING TO REGISTER AS A DEBT COLLECTOR

Mr. Fiorenzano alleges in his Complaint that LVNV violated FDCPA provisions §§ 1692e(10) and 1692f by failing to register with the State of Rhode Island as a debt collector.[5] (ECF No. 1 at 10-11.) LVNV disputes that it was required to register with the State before the Solomon Defendants filed a lawsuit on its behalf, but alternatively argue that failing to register does not violate the FDCPA. (ECF No. 6 at 3-7.)

LVNV argues that it was not required to register as a debt collector in Rhode Island because it was not engaged in the type of debt collection conduct described in RIFDCPA. *Id.* at 4-7. It was not a debt collector as defined, but a "passive debt buyer," who bought Mr. Fiorenzano's debt after it was in default and who hired a law firm to actually collect the debt. *Id.*

When confronted with an unambiguous statute, it is the Court's job to interpret the statute literally, using its plain statutory language, to give effect to the legislature's intent. *See State v. Santos*, 870 A.2d 1029, 1032 (R.I. 2005); *Martone v. Johnston Sch. Comm.*, 824 A.2d 426, 431 (R.I. 2003). The RIFDCPA unambiguously states that "no person shall engage within this state in the business of a debt collector . . . without first registering with the director or the director's designee." R.I. Gen. Laws § 19-14.9-12 (2012). Turning to his Complaint, Mr. Fiorenzano alleges that LVNV "regularly collects or attempts to collect, directly or indirectly, consumer debts . . . that LVNV purchased and/or obtained from others while such debt was in default." (ECF No. 1 at 5.) Moreover, Mr. Fiorenzano alleges that LVNV hired the Solomon Defendants

---

[5] The Solomon Defendants also filed a Motion to Dismiss Mr. Fiorenzano's claims of §§ 1692e(10) and § 1692f violations for failing to register with the State of Rhode Island as a debt collector. (ECF No. 10 at 6-7.) Mr. Fiorenzano noted that he did not make those allegations in his Complaint; thus, the Court need not address that argument. (ECF No. 17 at 4-5.)

7

to represent it in the state court suit to collect his debt, which suggests a principal-agent relationship. *See id.* Under Rhode Island law, a principal is bound by the acts of his agent acting under the principal's authority. *See Credit Union Cent. Falls v. Groff*, 966 A.2d 1262, 1268 (R.I. 2009); *Rosati v. Kuzman*, 660 A.2d 263, 265 (R.I. 1995); *Lawrence v. Anheuser-Busch*, 523 A.2d 864, 867 (R.I. 1987); *See also Hauk v. LVNV Funding*, 749 F. Supp. 2d 358, 366 (D.Md. 2010) (finding it "unlikely Congress intended to permit a debt collector to avoid liability for violations of the FDCPA . . . simply by hiring a law firm to make court filings that would otherwise be subject to the statute"). Therefore, based on the allegations in his Complaint, and the unambiguous language of the RIFDCPA, the Court finds that Mr. Fiorenzano has alleged sufficient facts to demonstrate that LVNV was a debt collector.

Additionally, LVNV argues that even if the Court found that it was, as a debt collector, required to register, that failure to register did not violate the FDCPA as a matter of law. (ECF No. 6 at 3-4.) While it may be true that the FDCPA was not designed to turn every state law debt collection violation into a federal violation, *see LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1192 (11th Cir. 2010); *Wade v. Reg'l Credit Ass'n*, 87 F.3d 1098, 1100 (9th Cir. 1996); *Ferguson v. Credit Mgmt. Control, Inc.*, 140 F. Supp. 2d 1293, 1302 (M.D. Fla. 2001), courts have found that a state law violation can be the basis of an FDCPA violation. *See LeBlanc*, 601 F.3d at 1192 (finding debt collector's failure to register pursuant to state law an "appropriate consideration" in deciding whether debt collector violated §§ 1692e(5) and 1692f); *Bradshaw v. Hilco*, 765 F. Supp. 2d 719 (D.Md. 2011) (finding a violation of Maryland's licensing requirement law may support a cause of action under the FDCPA); *Hauk*, 749 F. Supp. 2d at 366 (denying motion to dismiss alleged violation of § 1692f for not complying with Maryland debt collector licensing law). The Court finds that Mr. Fiorenzano's Complaint contains sufficient

allegations of LVNV's failure to register as a debt collector with the State of Rhode Island under the RIFDCPA to state a claim for violations of the FDCPA. (ECF No. 1 at 10-11.) Consequently, Mr. Fiorenzano's claim that LVNV violated §§ 1692e(10) and 1692f satisfy the plausibility standard for a motion to dismiss, and thus LVNV's Motion to Dismiss these claims is DENIED.

### C. DUPLICATIVE CLAIMS

Finally, LVNV argues that Mr. Fiorenzano's claims under §§ 1692e(10) and 1692f are duplicative, and subsequently, the claim under § 1692f should be dismissed. (ECF No. 6 at 9.) *See Foti v. NCO Fin. Sys., Inc.*, 424 F. Supp. 2d 643, 667 (S.D.N.Y. 2006) ("an alleged violation under § 1692f will be deficient if it does not identify misconduct beyond that which [p]laintiffs assert violate other provisions of the FDCPA."); *see also Baker v. Allstate Fin. Services, Inc.*, 554 F. Supp. 2d 945, 953 (D. Minn. 2008); *Tsenes v. Trans-Cont'l Credit & Collection Corp.*, 892 F. Supp. 461, 466 (E.D.N.Y. 1995). According to LVNV, Mr. Fiorenzano's claims under §§ 1692e(10) and 1692f are duplicative because they both contain allegations that LVNV failed to register under the RIFDCPA. (ECF No. 6 at 9.)

The Court finds this argument to be premature at this stage. Section 1692f "allows the court to sanction improper conduct that the FDCPA fails to address specifically," and thus covers acts not enumerated by another provision. *See Foti*, 424 F. Supp. 2d at 667 (quoting *Adams v. Law Offices of Stuckert & Yates*, 926 F. Supp. 521, 528 (E.D. Pa. 1996). Neither § 1692e(10) nor § 1692f specifically address failing to register pursuant to a state law, although it is plausible that such misconduct could constitute a violation under both sections of the statute. *See* § 1692e(10); § 1692f. Consequently, because Mr. Fiorenzano's allegations are not covered by only one provision of the FDCPA, and the Court finds that he has alleged sufficient facts to

allegations of LVNV's failure to register as a debt collector with the State of Rhode Island under the RIFDCPA to state a claim for violations of the FDCPA. (ECF No. 1 at 10-11.) Consequently, Mr. Fiorenzano's claim that LVNV violated §§ 1692e(10) and 1692f satisfy the plausibility standard for a motion to dismiss, and thus LVNV's Motion to Dismiss these claims is DENIED.

### C. DUPLICATIVE CLAIMS

Finally, LVNV argues that Mr. Fiorenzano's claims under §§ 1692e(10) and 1692f are duplicative, and subsequently, the claim under § 1692f should be dismissed. (ECF No. 6 at 9.) *See Foti v. NCO Fin. Sys., Inc.*, 424 F. Supp. 2d 643, 667 (S.D.N.Y. 2006) ("an alleged violation under § 1692f will be deficient if it does not identify misconduct beyond that which [p]laintiffs assert violate other provisions of the FDCPA."); *see also Baker v. Allstate Fin. Services, Inc.*, 554 F. Supp. 2d 945, 953 (D. Minn. 2008); *Tsenes v. Trans-Cont'l Credit & Collection Corp.*, 892 F. Supp. 461, 466 (E.D.N.Y. 1995). According to LVNV, Mr. Fiorenzano's claims under §§ 1692e(10) and 1692f are duplicative because they both contain allegations that LVNV failed to register under the RIFDCPA. (ECF No. 6 at 9.)

The Court finds this argument to be premature at this stage. Section 1692f "allows the court to sanction improper conduct that the FDCPA fails to address specifically," and thus covers acts not enumerated by another provision. *See Foti*, 424 F. Supp. 2d at 667 (quoting *Adams v. Law Offices of Stuckert & Yates*, 926 F. Supp. 521, 528 (E.D. Pa. 1996). Neither § 1692e(10) nor § 1692f specifically address failing to register pursuant to a state law, although it is plausible that such misconduct could constitute a violation under both sections of the statute. *See* § 1692e(10); § 1692f. Consequently, because Mr. Fiorenzano's allegations are not covered by only one provision of the FDCPA, and the Court finds that he has alleged sufficient facts to

allegations of LVNV's failure to register as a debt collector with the State of Rhode Island under the RIFDCPA to state a claim for violations of the FDCPA. (ECF No. 1 at 10-11.) Consequently, Mr. Fiorenzano's claim that LVNV violated §§ 1692e(10) and 1692f satisfy the plausibility standard for a motion to dismiss, and thus LVNV's Motion to Dismiss these claims is DENIED.

### C. DUPLICATIVE CLAIMS

Finally, LVNV argues that Mr. Fiorenzano's claims under §§ 1692e(10) and 1692f are duplicative, and subsequently, the claim under § 1692f should be dismissed. (ECF No. 6 at 9.) *See Foti v. NCO Fin. Sys., Inc.*, 424 F. Supp. 2d 643, 667 (S.D.N.Y. 2006) ("an alleged violation under § 1692f will be deficient if it does not identify misconduct beyond that which [p]laintiffs assert violate other provisions of the FDCPA."); *see also Baker v. Allstate Fin. Services, Inc.*, 554 F. Supp. 2d 945, 953 (D. Minn. 2008); *Tsenes v. Trans-Cont'l Credit & Collection Corp.*, 892 F. Supp. 461, 466 (E.D.N.Y. 1995). According to LVNV, Mr. Fiorenzano's claims under §§ 1692e(10) and 1692f are duplicative because they both contain allegations that LVNV failed to register under the RIFDCPA. (ECF No. 6 at 9.)

The Court finds this argument to be premature at this stage. Section 1692f "allows the court to sanction improper conduct that the FDCPA fails to address specifically," and thus covers acts not enumerated by another provision. *See Foti*, 424 F. Supp. 2d at 667 (quoting *Adams v. Law Offices of Stuckert & Yates*, 926 F. Supp. 521, 528 (E.D. Pa. 1996). Neither § 1692e(10) nor § 1692f specifically address failing to register pursuant to a state law, although it is plausible that such misconduct could constitute a violation under both sections of the statute. *See* § 1692e(10); § 1692f. Consequently, because Mr. Fiorenzano's allegations are not covered by only one provision of the FDCPA, and the Court finds that he has alleged sufficient facts to

support his claims under both §§ 1692e(10) and 1692f, the Court rejects LVNV's argument that the claims are duplicative at this time. *See LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1200 (11th Cir. 2010).

## IV. CONCLUSION

For the reasons stated above, the Solomon Defendants' Motion to Dismiss the Complaint is GRANTED, and Defendant LVNV's Motion to Dismiss the Complaint is DENIED.

IT IS SO ORDERED:

John J. McConnell, Jr.
United States District Judge

June 29, 2012